**SHNAYDER LAW LLC**
Erica L. Shnayder, Esq.
89 Headquarters Plaza N., Suite 1421
Morristown, NJ 07960
(973) 714-1515
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------------------X
CARLA MCKELVIN,                                                    Civil Action No.:

                        Plaintiff,

          v.                                                                  **COMPLAINT**

SAINT MICHAEL'S MEDICAL CENTER,
                                            **Jury Trial Demanded**
                       Defendant.
-------------------------------------------------------------------------X

Plaintiff Carla Mckelvin ("Plaintiff"), by way of Complaint against Defendant Saint Michael's Medical Center ("Defendant" or "Saint Michael's"), hereby alleges as follows:

### NATURE OF THE CASE

1. Plaintiff brings this action against her former employer alleging violations of the Family and Medical Leave Act ("FMLA") and the New Jersey Law Against Discrimination ("LAD"). Plaintiff alleges that Defendant Saint Michael's terminated her nearly six-year employment as a Patient Appeal Coordinator because of her disability and in order to interfere with Plaintiff's right to take FMLA qualified leave.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343 as this

action involves a federal question under the FMLA, 29 U.S.C. § 2601 et seq. This Court has supplemental jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the alleged unlawful employment practices, occurred in this district.

## PARTIES

4. Plaintiff Carla Mckelvin is a former female employee of Saint Michael's.

5. Defendant Saint Michael's Medical Center is a hospital located at 111 Central Avenue, Newark, New Jersey 07102.

6. At all times material, Plaintiff was an eligible employee withing the meaning of the FMLA.

7. At all times material, Defendant was a covered employer within the meaning of the FMLA.

## FACTUAL ALLEGATIONS

8. In or around June 2014, Plaintiff began working for Defendant Saint Michael's in a dual role as a Patient Care Technician in Same Day Surgery and as an Endoscopy Technician.

9. In approximately June 2018, Plaintiff was reassigned to the Case Management Department and began working as a Patient Appeal Coordinator. Plaintiff was primarily responsible for processing insurance appeals and denials related to medical coverage.

10. Prior to the onset of her employment, Plaintiff was diagnosed with fibromyalgia, a disorder characterized by widespread musculoskeletal pain. Plaintiff was also diagnosed and suffered from numerous inflammatory disorders including arthritis, bursitis, and tendonitis.

11. As a Patient Appeal Coordinator, Plaintiff was directly supervised by Defendant's Case Manager, Maria Samagaio. Plaintiff was also supervised by the Case Management Coordinator, Dawn Caldwell, who served as Ms. Samagaio's right-hand employee and delegated work assignments in Ms. Samagaio's absence. Sometime in or around 2018, Plaintiff notified Ms. Samagaio and Ms. Caldwell that she suffered from fibromyalgia and associated musculoskeletal pain. On various occasions, Plaintiff discussed her pain symptoms with Ms. Samagaio, Ms. Caldwell, and other employees in the department.

12. On numerous occasions, Plaintiff was required to take days off of work because of her fibromyalgia and communicated this information to her supervisors. Per department protocol, Plaintiff would notify Ms. Caldwell if she needed to be absent from work.

13. On or about February 21, 2020, Plaintiff began experiencing muscle pain associated with her fibromyalgia. Although Plaintiff continued to work for several days, the pain became so debilitating that Plaintiff started to have difficulty moving.

14. Accordingly, on or about February 27, 2020, Plaintiff notified both Ms. Samagaio and Ms. Caldwell that she would not be attending work that day. That same day, Plaintiff attended a medical appointment with her treating physician, Dr. Manickam Ganesh, MD, who recommended that Plaintiff remain out of work.

15. On or about Friday, February 28, 2020, Plaintiff again notified Ms. Samagaio and Ms. Caldwell that she would not be attending work that day.

16. On or about the following Monday, March 2, 2020, Plaintiff sent a text message to Ms. Samagaio that she would not be attending work and included a copy of a doctor's note stating that Plaintiff would need to remain out of work until April 15, 2020. Ms. Samagaio did not

respond to Plaintiff's text message or communicate with Plaintiff in any manner regarding her necessitated leave.

17. On or about March 3, 2020, Plaintiff also provided a copy of the doctor's note to Ms. Caldwell to notify her of Plaintiff's medical leave requirements.

18. Over the next couple of weeks, Ms. Caldwell would check-in with Plaintiff through text message to see how Plaintiff was feeling and whether her condition was improving. For example, on or about March 15, 2020, Ms. Caldwell questioned whether Plaintiff was "getting any results to [her] ailments" and assured Plaintiff that everyone at the workplace was "concerned about [her]" and "sends their get well soon wishes."

19. Neither Ms. Samagaio nor Ms. Caldwell ever sent Plaintiff any FMLA notices or requested medical certification in support of her medical leave.

20. Sometime in or around early March 2020, Plaintiff had a telephone conversation with Defendant's Human Resources personnel, Merna (last name currently unknown). Merna told Plaintiff that she would need to complete FMLA paperwork but refused to email Plaintiff the documents because there were "too many papers." Although Merna told Plaintiff that the FMLA documents would be mailed to her, Plaintiff never received them.

21. Defendant Saint Michael's failed to follow the notice requirements under the FMLA; Plaintiff never received notices concerning her eligibility for FMLA leave or her rights and responsibilities under the FMLA.

22. <u>Although Defendant Saint Michael's refused to email Plaintiff her FMLA paperwork, they were willing to email Plaintiff about her termination.</u>

23. To Plaintiff's shock, on April 14, 2020, Plaintiff received an email from Defendant Saint Michael's Human Resources Supervisor, Charnett Gattis, notifying Plaintiff that her

employment was terminated as of March 18, 2020 for "lack of response for job abandonment." The email was sent one day before the expiration of Plaintiff's doctor's note.

24. Attached to Ms. Gattis' email were two letters: (1) a letter dated March 9, 2020 requesting that Plaintiff complete FMLA forms for her leave of absence by no later than March 16, 2020 (the "March 9 FMLA letter"); and (2) a letter dated March 18, 2020 notifying Plaintiff of her termination (the "March 18 termination letter").

25. <u>Ms. Gattis' email was the first time Plaintiff ever received a written request for FMLA paperwork[1] or received notice of her termination.</u>

26. According to Ms. Gattis, both the March 9 FMLA letter and the March 18 termination letter were originally sent to Plaintiff via certified mail.  However, Ms. Gattis did not wait for proof of delivery of the March 9 FMLA letter before terminating Plaintiff.  <u>Indeed, the March 9 FMLA letter was not delivered until almost a month after Plaintiff's termination date</u>, while the March 18 termination letter was marked undeliverable and returned to Defendant Saint Michael's.

27. In the March 9 FMLA letter, Ms. Gattis claimed that Defendant Saint Michael's previously sent Plaintiff FMLA forms on March 4, 2020.  However, Plaintiff received no such forms.

28. <u>Nevertheless, even if Defendant Saint Michael's had mailed Plaintiff the FMLA forms on March 4, 2020, the forms would have violated the FMLA certification provisions which require a minimum of 15 calendar days to complete FMLA medical certification.</u>

29. Moreover, Defendant Saint Michael's was aware that Plaintiff would experience difficulty retrieving mail from a P.O. Box in light of her medical condition and because of the emergence of the COVID-19 pandemic.

---

[1] Although the March 9 letter references a "Family/Medical Leave of Absence package," no such documents were ever received by Plaintiff either via mail or as an email attachment.

30. Rather than adhering to the FMLA's certification and notice requirements and providing Plaintiff sufficient time to complete FMLA paperwork, Defendant Saint Michael's unlawfully terminated Plaintiff's employment.

31. In the March 18 termination letter, Ms. Gattis also claimed that employees made multiple efforts to contact Plaintiff through telephone which was patently untrue.  In fact, Ms. Caldwell corresponded with Plaintiff mere days before Plaintiff's termination and made no reference to outstanding FMLA paperwork and/or that Plaintiff was on the verge of termination.  To the contrary, Ms. Caldwell claimed that everyone at Defendant Saint Michael's was "concerned about [Plaintiff]" and "sends their get well soon wishes."  Ms. Samagaio, Plaintiff's direct supervisor, never attempted to contact Plaintiff and never even responded to Plaintiff's text messages about her necessitated leave.

32. At the time of her termination, Defendant Saint Michael's was aware that Plaintiff had not received FMLA notices and/or a request to complete FMLA paperwork.  Nevertheless, Defendant terminated Plaintiff because of her disability and in order to interfere with her ability to take FMLA qualified leave.

33. Defendant Saint Michael's deliberately set Plaintiff up to be terminated.

34. As a result of her unlawful termination, Plaintiff suffered severe financial and psychological harm.  Among other things, Plaintiff experienced homelessness for approximately five months and suffered severe depression.

35. Defendant terminated Plaintiff because of her disability and because she required time off as a reasonable accommodation.

36. Defendant terminated Plaintiff in order to interfere with, restrain, or deny the exercise of or the attempt to exercise her rights under the FMLA.

37. As a result of the Defendant's discriminatory and intolerable treatment of Plaintiff, she suffered severe emotional distress and physical ailments.

38. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

39. As Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against the Defendant.

## AS A FIRST CAUSE OF ACTION
## UNDER THE FAMILY AND MEDICAL LEAVE ACT
## INTERFERENCE WITH EXERCISE OF RIGHTS

40. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if same were set forth herein fully at length.

41. Pursuant to 29 U.S.C. §2615(a)(1): "It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter."

42. Defendant Saint Michael's violated the FMLA by unlawfully interfering with, restraining, or denying the exercise of Plaintiff's rights by, *inter alia*, terminating Plaintiff's employment several weeks after receiving notice that she required FMLA-qualifying leave.

43. Defendant Saint Michael's failed to adhere to the certification and employer notice requirements under the FMLA by, *inter alia*, denying Plaintiff sufficient time to provide medical certification, failing to advise Plaintiff of the anticipated consequences of not

providing adequate certification, and failing to provide Plaintiff with timely notices for FMLA eligibility and rights and responsibilities.

44. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of damages, to the greatest extent permitted under law, in addition to reasonable attorneys' fees and expenses.

## AS A SECOND CAUSE OF ACTION
## UNDER THE LAD
## DISCRIMINATION

45. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if same were set forth herein fully at length.

46. Pursuant to N.J.S.A. § 10:5-12: "It shall be an unlawful employment practice, or, as the case may be, an unlawful discrimination: a) For an employer, because of disability . . . to refuse to hire or employ or to bar or to discharge or require to retire . . . from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

47. Defendant engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of her disability, including failure to provide a reasonable accommodation in the form of time off from work.

48. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of damages, to the greatest extent permitted under law, in addition to reasonable attorneys' fees and expenses.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendant:

A. A declaratory judgment that the employment practices of Defendant complained of herein violate the FMLA and the LAD;

B. Awarding damages to the Plaintiff, retroactive to the date of discharge, for all lost wages and benefits, past and future, back pay and front pay, resulting from Defendant's unlawful discharge and to otherwise make Plaintiff whole for any losses suffered as a result of Defendant's unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation;

D. Awarding Plaintiff liquidated damages in an amount to be determined at trial;

E. Awarding Plaintiff punitive damages in an amount to be determined at trial;

F. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of this action;

G. Awarding prejudgment interest on all amounts due;

H. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

Dated: May 28, 2021

**SHNAYDER LAW LLC**
*Attorneys for Plaintiff*

By: */s/ Erica L. Shnayder*
Erica L. Shnayder, Esq.
89 Headquarters Plaza N., Suite 1421
Morristown, NJ 07960
(973) 714-1515
erica@eshnayderlaw.com

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues so triable.

Dated:  May 28, 2021

                                            **SHNAYDER LAW LLC**
                                            *Attorneys for Plaintiff*

                                   By:  */s/ Erica L. Shnayder*
                                                 Erica L. Shnayder, Esq.

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Erica L. Shnayder, Esq. as trial counsel in this action.

Dated:  May 28, 2021

                                            **SHNAYDER LAW LLC**
                                            *Attorneys for Plaintiff*

                                   By:  */s/ Erica L. Shnayder*
                                                 Erica L. Shnayder, Esq.